MAXWELL H. THOMPSON AND JAMES G. LIPE T/D/A THOMPSON-LIPE
COMPANY v. D. WALTER TURNER.

(Filed 9 April, 1958)

**Contempt of Court § 6—**

Evidence in this case *held* to support the trial court's finding that defendant had wrongfully and knowingly disobeyed a perpetual injunction theretofore issued in the cause against defendant, and judgment sentencing defendant to jail for thirty days for contempt is affirmed.

APPEAL by defendant from *Froneberger, J.,* at January Term 1958, of CALDWELL.

Contempt proceeding in civil action wherein the court had previously entered a permanent order of injunction against the defendant.

The court in attaching the defendant for contempt entered judgment in pertinent part as follows:

". . . upon the return of an order directing the defendant to show cause why he should not be attached for contempt, the plaintiffs and the defendant being present in person and by attorney; and being heard upon affidavits filed by both plaintiffs and the defendant, and upon argument of counsel; and upon such hearing the Court finding as a fact the following:

"The defendant was 'perpetually enjoined and restrained from selling coffee, tea and other specialties and from aiding or assisting others to do so, and from violating the good will clause of his said contract in any other respects within the counties of Alexander, Ashe, Avery, Burke, Caldwell, McDowell, Mitchell, Watauga, Wilkes and Yancey,' said judgment having been signed by his Honor H. Hoyle Sink, Judge presiding at the April-May 1956 Term of the Caldwell County Superior Court. Upon appeal by the defendant to the Supreme Court of North Carolina, no error was found in the judgment of the Court below, the case being reported in 245 N.C. 478.

"The defendant willfully and knowingly disobeyed said perpetual injunction when he aided and assisted in the organization of a corporation known as THE WALTER TURNER COFFEE COMPANY, INC., said corporation having been chartered July 29, 1957, and now being engaged in selling coffee within the territory set out above in competition with the plaintiffs.

"The defendant, on or about September 16, 1957, willfully and knowingly disobeyed the perpetual injunction when he solicited orders for Million Dollar Coffee from Mrs. Carl Aldridge, Mrs. B. J. Hovis and Corbett Johnson, merchants doing business in Avery County, North Carolina, one of the counties in which the defendant was restrained from selling coffee, tea and other specialties.

"The defendant, on or about the 10th day of October, 1957, willfully and knowingly disobeyed said perpetual injunction when he personally sold and delivered one dozen bags of Million Dollar Coffee to Mrs. R. A. Harrison, a merchant doing business in Ashe County, North Carolina, one of the counties in which the defendant was restrained from selling coffee, tea and other specialties.

"The defendant, on or about the 11th day of October, 1957, willfully and knowingly disobeyed the perpetual injunction when he sold and delivered four dozen bags of Million Dollar Coffee to Mr. K. H. Goodman, a merchant doing business in Ashe County, North Carolina, one

of the counties in which the defendant was restrained from selling coffee, tea and other specialties.

"The defendant has willfully and knowingly disobeyed said perpetual injunction by aiding and assisting Hal Edminsten, President of THE WALTER TURNER COFFEE COMPANY, INC., in selling coffee within the territory set out above and by sharing the automobile expenses with agents of THE WALTER TURNER COFFEE COMPANY, INC.

"The Court finding as a fact that the defendant has willfully disobeyed the perpetual injunction of this Court in the manner above set forth, IT IS THEREFORE ORDERED AND ADJUDGED that the defendant is in contempt of Court and the defendant is hereby sentenced to be confined in the common jail of Caldwell County, North Carolina, for a period of thirty (30) days."

The defendant excepted separately to each of the foregoing findings of fact and also to the entry of the judgment, and appealed to this Court, assigning errors.

*W. H. Strickland and Alfred R. Crisp, for appellant.*
*Williams & Whisnant, for appellees.*

PER CURIAM. A study of the record discloses that crucial, essential findings of fact made by the trial Judge are supported by the evidence, and that these findings support the judgment. The record is free of reversible error. The judgment will be upheld.

Affirmed.